By the Court.
Suit was brought by The Independent Brewing Company against Stewart and others on a certain promissory note secured by mortgage. The defendants admitted the execution of the note and mortgage and answered setting up an accord and satisfaction through a separate contract by deed conveying to the brewing company the mortgaged premises in satisfaction of the debt.
The case was tried in the court of common pleas, before the judge presiding, without any suggestion of a jury from either party. Upon the pleadings and evidence the court rendered judgment for the plaintiff for the full amount claimed.
The defense thereupon gave notice of its appeal, had the bond fixed and did appeal the case to the circuit court. The entry in the circuit court is as follows: “This cause came on for trial on appeal from the court of commón pleas, and was submitted to the court upon the pleadings, exhibits and tes *91 timony, and was argued by counsel. On consideration whereof, the court finds the issues in favor of the defendant.”
The plaintiff thereupon filed his motion for a new trial, complaining among other things that the case was not appealable. The motion for a new trial was overruled, judgment rendered and bill of exceptions taken.
The decisive question in this case is whether or not the brewing company could, by this motion for a new trial, raise the question as to whether or not the cause was one in law or equity; or, had the course of both parties up to that time foreclosed that issue.
In Drake et al., Trustees, v. Tucker et al., 83 Ohio St., 97, this question is squarely decided:
“Whether a cause in which an appeal has been taken to the circuit court from the judgment of the court of common pleas is appealable, is a question which cannot be effectively made except by a motion to dismiss the appeal interposed in the circuit court before the trial in that court.”
The other questions involve the weighing of the evidence, and this court will not interfere with the judgment of the court below upon the facts of the case.

Judgment of the circuit court affirmed.

Nichols, C. J., Shauck,'Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.